# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WINNEBAGO TRIBE OF NEBRASKA,** )
**et al.,** )
)
        **Plaintiffs,** )
)
**v.** )    **Case No. 02-4070-JTM**
)
**PHILL KLINE, Attorney General for the** )
**State of Kansas, et al.,** )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

    This matter is before the court on the following motions:

        1. Winnebago Tribe's Motion for an In Camera Inspection (Doc. 180);

        2. Defendants' Motions to Compel (Doc. 182, 183, 184 & 188);

        3. Plaintiffs' Motion for a Protective Order (Doc. 194);

        4. Sac and Fox Nation's Motion to Stay (Doc.205);

        5. Plaintiffs' Motion to Strike (Doc. 211); and

        6. Defendants' Motion for Leave to File Response Out of Time (Doc. 228).

The court's rulings are set forth below.[1]

---

[1] The background and nature of this case have been described in prior orders and will be repeated only where necessary to provide context for a particular motion. See, e.g., Memorandum and Order, filed March 3, 2004, Doc. 123.

**Analysis**

On balance, the court's review of the pending motions and arguments reveals that the parties failed to "confer, compare views, consult and deliberate" *in good faith* as required by D. Kan. Rule 37.2 before filing their respective motions.[2] Many of the issues raised in the pending motions could clearly have been resolved by the parties without judicial involvement.[3] Counsel *and their clients* are admonished to review D. Kan. Rule 37.2 and comply with the requirements set forth therein. Failure to comply with the rule may, in addition to summary denial of any future motion, result in the imposition of sanctions against counsel and/or their client.[4]

Although Rule 37.2 authorizes the court to summarily strike *all* pending motions, the following rulings are entered in an effort to advance this matter to final resolution, either

---

[2] For example, defendants listed document 2(c) in their privilege log as protected by the executive privilege and document 5 as protected by the attorney client privilege. Defendants concede, for the first time in their response brief, that document 2(c) and document 5 are in fact the same document and the duplicate listing was an error. See, Defendants' Response, Doc. 197, p. 8, par. 18. This issue should have been cleared up during the meet and confer process. Additional problems are discussed below in the analysis of defendants' motions to compel.

[3] In addition, a number of arguments are asserted in a conclusory manner and unsupported by coherent legal analysis.

[4] Counsel are admonished to review Fed. R. Civ. P. 26(g). The rule allows for the imposition of sanctions for "discovery requests, responses, or objections ... interposed for any improper purpose, such as to harass, or cause unnecessary delay, or needless increase in the cost of litigation...."

through settlement, dispositive motion, or trial.[5]

**1. Sac and Fox Nation's Motion to Stay Discovery (Doc. 205)**

In partial response to defendants' motion to compel (Doc. 184), the Sac and Fox Nation (the "Nation") seeks an order staying discovery until the court resolves the following legal issue: whether the legal incidence of the state fuel tax on "distributors" falls on an Indian tribe for sales made within Indian country. The Nation contends that if this issue is resolved in its favor "the tax cannot be enforced absent clear congressional authorization" and defendants' discovery requests become irrelevant. See Oklahoma Tax Comm'n v. Chickasaw Nation, 515 U.S. 450, 459 (1995).

The court is not persuaded that a stay of discovery is appropriate. First, the motion merely rehashes the Nation's oral request to bifurcate the case which was rejected by the court during a November 4, 2004 conference. More importantly, this case was filed May 8, 2002 and the issue upon which the Nation now seeks to stay discovery has been a potential defense to the tax at least since 1995 when the Supreme Court issued its rulings in Chickasaw Nation. The request to bifurcate and interrupt the discovery schedule is untimely and therefore

---

[5] Because of the nature of and relationship of certain arguments, the motions are taken out of chronological order and addressed in a more appropriate sequence.

rejected.[6]

**IT IS THEREFORE ORDERED** that the Sac and Fox Nation's motion to stay discovery **(Doc. 205)** is **DENIED.**

**2. Plaintiffs' Motion for a Protective Order (Doc. 194)**

Defendants' discovery requests seek: (1) contracts, (2) financial records and revenue information, and (3) economic data. Because of the sensitive and confidential nature of the requested information, plaintiffs sent a proposed "Stipulated Protective Order" to defendants. Defendants did not respond and plaintiffs move the court to approve the proposed order. Defendants belatedly filed a response opposing the motion. As explained in greater detail below, plaintiffs' motion shall be denied without prejudice.

The protective order proposed by plaintiffs is one which is frequently agreed to by seasoned litigators when both sides recognize that sensitive personal, business, or financial information will be the subject of discovery requests. Rather than submit every item to the court for review, the parties stipulate to a protocol for designating information as "confidential." Pursuant to the stipulation, materials designated as "confidential" are produced for counsel's review and further distribution or use is limited by the terms of the agreement.

---

[6] Before moving to bifurcate and stay discovery the parties litigated: (1) a motion for a temporary restraining order (Order, filed May 17, 2002, Doc. 22); (2) a motion for a preliminary injunction (Minute Order, filed July 8, 2002, Doc. 63); (3) an interlocutory appeal to the Tenth Circuit (Appeal Mandate, filed September 22, 2003, Doc. 119); and (4) a motion to dismiss (Memorandum and Order, filed January 15, 2004, Doc. 123).

The stipulation also includes a method for challenging a document's designation as "confidential." Because such stipulated protective orders facilitate and expedite the exchange of sensitive information, this court has regularly approved such orders.

Here, however, there is no agreement or stipulation and the court declines to unilaterally impose such an order. The order proposed by plaintiffs contains a provision which allows defendants to seek judicial review of *any and all* material designated as "confidential." Absent defendants' agreement to the spirit and intent of the proposed "stipulated" order, little is accomplished by filing such an order because *every* document may be challenged.[7] Under the circumstances, the court declines to enter such an order.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for issuance of a "stipulated" protective order **(Doc. 194)** is **DENIED WITHOUT PREJUDICE.**[8]

---

[7] The positions taken by both sides are highly unusual. Plaintiffs' request that the court file a "stipulated" order when no stipulation has been reached constitutes the first occasion for such a request to this court in eleven years. Similarly, this is the first instance brought to this court's attention of a party's refusal to respond to a proposal to facilitate the disclosure of what is obviously sensitive financial and business information.

[8] Clearly, some of the information requested warrants a protective order. If the parties are unable to agree on an appropriate protocol for the disclosure of such information, plaintiffs may refile their motion.

**3. Defendants' Motion for Leave to File Response Out of Time (Doc. 228) and**

**4. Plaintiffs' Motion to Strike Defendants' Response Brief (Doc. 211)**

After expiration of the deadline for responding to plaintiffs' motion for a protective order (December 29, 2004), defendants filed their response brief (January 3, 2005). Plaintiffs moved to strike the response as untimely (Doc. 211) and defendants countered with a motion for leave to file their brief out of time (Doc. 228).

In support of their motion for leave to file out of time, defendants argue that D. Kan. Rule 6.1(d), which allows 14 days to respond, and Fed. R. Civ. P. 6(e), which allows an additional 3 days for mail or electronic service, results in a total of 17 days to respond to any non-dispositive motion. The court rejects this construction of the rules. D. Kan. Rule 6.1(d) makes clear that the 14 days allowed for responding to a non-dispositive motion *already includes* the 3 days provided in F.R.C.P. 6(e). Defendants are admonished that parties have 14 days to respond to non-dispositive motions. Notwithstanding defendants' erroneous calculation, both motions are moot in light of the court's ruling concerning plaintiffs' motion for entry of a protective order.

**IT IS THEREFORE ORDERED** that defendants' motion for leave to file their response out of time **(Doc. 228)** and plaintiffs' motion to strike defendants' response brief **(Doc. 211)** are **MOOT.**

**5. Defendants' Motions to Compel (Doc. 182, 183, 184 and 188)**

Because the discovery requests, objections, and arguments related to defendants' motions to compel (1) the Iowa Tribe of Kansas and Nebraska (Doc. 182); (2) the Kickapoo Tribe (Doc. 183), (3) the Sac and Fox Nation (Doc. 184); and (4) the Winnebago Tribe (Doc. 188) are identical, the motions will be addressed collectively.[9]

As mentioned above, defendants failed to confer in good faith with plaintiffs to resolve the discovery disputes before moving to compel. It is undisputed that the defendants conferred with the Winnebago Tribe on December 2, 2004 and with the remaining plaintiffs on *December 9, 2004* and that plaintiffs agreed to supplement their responses. Notwithstanding plaintiffs' agreement to supplement their responses, defendants moved to compel *all* discovery requests on *December 13, 2004.* Such an approach borders on bad faith and the court is unable to determine which discovery requests have been resolved and which requests remain in controversy.[10] Accordingly, defendants' motions to compel shall be denied without prejudice and the parties must confer in good faith before any motion to compel is refiled. However, to facilitate resolution of the discovery disputes the court will address the general arguments raised in the parties' briefs.

---

[9] Although the discovery requests, objections and arguments are identical, the factual disclosures by each tribe vary.

[10] Defendants complain that plaintiffs have not produced the documents; however, it is unclear what efforts *defendants* have taken to follow up on plaintiffs' offer to make documents available for review and copying. The court will impose a deadline for defendants to review the documents and request copies.

-7-

**"Conclusory" Objections**

Defendants argue that plaintiffs' objections are legally insufficient because they appear to be "boilerplate, rote, cut-and-paste" objections. They also assert that conclusory objections are not appropriate and that a party opposing discovery must "set forth the specifics of the objection" and how that objection relates to the discovery request. The difficulty with defendants' assertions are that their legal citations have been taken out of context and are not directly applicable to the present situation.

For example, general conclusory objections without reference to a specific discovery request are looked upon with disfavor. Miner v. Kendall, No. 96-1126, 1997 WL 695587 (D. Kan. 1997).[11] However, in this case plaintiffs *have* filed specific objections to each discovery request. Moreover, the requirement that a party opposing discovery set forth the specifics of the objection and how that objection relates to the discovery request *arises in the context of briefing* when the matter is submitted for judicial resolution. See, e.g., Miner v. Kendall, (Judge Reid: providing "preliminary comments after reading the briefs"); Sonnino v. University of Kansas Hospital Authority, 221 F.R.D. 661 (D. Kan. 2004)(Judge Waxse: "When a party files a motion to compel and asks the court to overrule certain objections, the objecting party must specifically show in its response ... how each request ... is objectionable." Failure to address these types of objections in response to a motion waives the objections). Again, in *this* case plaintiffs have addressed each discovery request and the related objection in their

---

[11]

The offending objections are typically found in some form of "catch-all" commentary recited at the beginning of the discovery response.

response brief.[12]   Accordingly, the court rejects defendants' argument that plaintiffs objections are "legally insufficient."

### Non-objectionable Documents

With respect to the production of documents, defendants complain that plaintiffs' response to a number of production requests is essentially non-responsive. Specifically, defendants point to plaintiffs' response that they will "make available for inspection and copying ... all responsive, *non-objectionable documents* to the extent any exist...." (Emphasis added). The court agrees that such a response is inappropriate because it is impossible to determine the type and nature of documents plaintiffs are withholding from production.[13]

### Confidential and Proprietary Information

Defendants also argue that plaintiffs have asserted that certain requested financial information is confidential and proprietary and that plaintiffs have failed to make a sufficient showing that the information is either confidential or proprietary. The court rejects this general argument because it is obvious that the financial information is proprietary and/or confidential. For example, Interrogatory No. 13 asks the Winnebago Tribe to "state precisely and in detail the costs and expenses of such sales [of fuel]." Such business data is, at a

---

[12] Although plaintiffs addressed *each* discovery request in their response brief, defendants asserted only generalized arguments, both in the original motion and their reply brief.

[13] Although plaintiffs' response was inadequate, this is precisely the type of issue that should have been ironed out during the meet and confer process.

minimum, proprietary. More importantly, plaintiffs agreed to provide such information after entry of a protective order. Had defendants properly responded to plaintiffs' proposal for a protective order and conferred in good faith, there would be no issue concerning the assertion that certain materials are confidential and proprietary.

### Attorney-Client Privilege

With respect to certain requests for production, plaintiffs asserted the attorney-client privilege. However, plaintiffs have failed to provide a privilege log or any basis from which the court can determine whether the privilege applies. To the extent plaintiffs are asserting the attorney-client privilege, they must provide defendants with a privilege log.

### Irrelevant, Overly Broad and Unduly Burdensome

Plaintiffs object to a number of discovery requests based on the assertion that the requests are irrelevant, overly broad, and unduly burdensome.[14] Defendants counter with explanations concerning the relevance of the information requested. However, defendants failed to address plaintiffs' objections and arguments that the information requested was overly broad or unduly burdensome. If a renewed motion to compel is filed, defendant must address plaintiffs' objections and arguments that certain requests are overly broad and unduly burdensome.

**IT IS THEREFORE ORDERED** that defendants' motions to compel (**Doc. 182, 183, 184 and 188** are **DENIED WITHOUT PREJUDICE.** Plaintiffs shall make the documents

---

[14] Generally, these requests concern tribal business, finance, and reservation infrastructures.

they have offered to produce available on or before **February 18, 2005.** The documents shall be made available for review at the offices of plaintiffs' counsel.

**6. Winnebago Tribe's Motion for an In Camera Inspection (Doc. 180)**

The Winnebago Tribe moves the court to conduct an in camera review of the following six documents to determine whether the documents are in fact privileged:

Doc. 1(A): a June 21, 1995 revenue staff attorney memo;

Doc. 1(D): a 1997 revenue staff attorney memo;

Doc. 2(A): a March 6, 1997 draft memo concerning proposed legislation;

Doc. 2(B): a February 19, 1997 draft memo concerning proposed legislation;

Doc. 2(C): a February 19, 1997 revenue staff attorney memo; and

Doc. 2(D): a February 10, 2000 memorandum concerning proposed legislation.[15]

The court's rulings are set forth below.

### Doc. 1(A), and 1(D)

Doc.1(A) and 1(D) are revenue department staff attorney memorandums to then Kansas Department of Revenue General Counsel Richard Oxandale. The court has reviewed defendants' descriptions of the documents and is satisfied that the two documents represent attorney work product. Moreover, plaintiffs fail to persuade the court that the "work product" documents should be produced. First, Fed. R. Civ. P. 26 (b)(3) requires that the court protect

---

[15] The document designations correspond to defendants' privilege log (exhibit C, Doc. 181).

from disclosure the "mental impressions, conclusions, opinions, or legal theories of an attorney." Clearly, Doc. 1(A) and 1(D) contain the mental impressions and opinions of an attorney and should be protected from discovery. Equally important, plaintiffs have failed to make a sufficient showing of need for the work product documents. Plaintiffs offer no legal authority for their assertion that an opinion expressed by a staff attorney in an internal memo to the department's general counsel rises to the level of an admission by the Kansas Department of Revenue. Accordingly, plaintiffs' request for an in camera review of Doc. 1(A) and 1(D) is DENIED.

### Doc. 2(C)

Doc. 2(C) is a February 19, 1997 legal memorandum by a staff attorney to the Department of Revenue's Director of Planning and Research. The court is satisfied that defendants have adequately supported their claim that this memorandum is protected by the attorney-client privilege; thus, the request for an in camera review of this document is DENIED.

### Doc. 2(A), (B) and (D)

Doc. 2(A), (B) and (D) are described as internal memoranda by Shirley Sicilian, Director of Planning and Research for the Department of Revenue, concerning proposed legislation. Defendants contend that the documents are protected by the "deliberative process" privilege. However, the description provided fails to contain sufficient information from which the court can determine whether the privilege applies. Therefore, plaintiff's motion for an in camera review of Doc. 2(A), (B) and (D) shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for an in camera review of documents is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall deliver Doc. 2(A), (B) and (D) to the undersigned judge's chambers for an in camera review by **February 11, 2005.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this **7th** day of February 2005.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge