# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WINNEBAGO TRIBE OF NEBRASKA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 02-4070-JTM |
| PHILL KLINE, Attorney General for the State of Kansas, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter is before the court on various discovery related motions. The court's rulings are set forth below.

### 1. Defendants' Motion for a Stay of Further Proceedings (Doc. 255)

Defendants move to stay *all* proceedings in this case. In support of their motion, defendants argue that the Supreme Court granted the Kansas Department of Revenue's petition for certiorari in Prairie Band Potawatomi Nation v. Richards, 379 F. 3d 979 (10th Cir. 2004), cert. granted, 2005 WL 443943 (U.S., Feb. 28, 2005), and that the ruling in Prairie Band may provide useful guidance for the issues in this case.[1]   Plaintiffs agree that a *partial* stay is

---

[1]

Highly summarized, Prairie Band involves issues related to the application of the Kansas Motor Fuel Tax Act to a non-tribal distributor of gasoline that is ultimately sold to consumers by an Indian tribe.

appropriate but contend that the stay should not apply to their motion for summary judgment on the issues of: (1) whether the legal incidence of the Kansas Motor Fuel Tax Act falls on an Indian tribe for transactions within Indian country and (2) whether the Winnebago Tribe is a "distributor of the first receipt" under the Kansas tax scheme. (Doc. 232).

The court is persuaded that a partial stay is appropriate and, with the exception of plaintiffs' motion for summary judgment, all proceedings in this case are stayed pending further order of the court. With respect to plaintiffs' motion for summary judgment, the parties shall file supplemental briefs highlighting the issues asserted in the Prairie Band appeal and the relevance of those issues to the matters raised in plaintiffs' summary judgment motion.

**IT IS THEREFORE ORDERED** that defendants' motion for a stay of proceedings **(Doc. 255)** is **GRANTED IN PART**, consistent with the ruling expressed herein.

**IT IS FURTHER ORDERED** that defendants shall file their supplemental brief concerning the motion for summary judgment by **May 27, 2005** and plaintiffs shall file their response by **June 6, 2005.** No reply shall be filed.

**2. Defendants' Motion for an Extension to Respond to Discovery (Doc. 258),**
**3. Plaintiffs' Motion for an Extension to Produce Expert Disclosures (Doc. 265),** and
**4. Joint Motion for an Extension to Provide Disclosures (Doc. 269).**

The parties filed various motions for extensions of time in the event the court denied defendants' motion to stay proceedings.   Because the court has stayed proceedings in this matter, the motions for extension of time are MOOT.

**IT IS THEREFORE ORDERED** that defendants' motion for an extension of time **(Doc. 258)**, plaintiff's motion for an extension of time  **(Doc 265)** and the parties' joint motion for an extension of time **(Doc. 269)** are **MOOT.**


**5. Motion to Compel Discovery (Doc. 237)**

The Sac and Fox Nation (Nation) moves to compel responses to their first set of interrogatories and requests for admissions.   Defendants oppose the motion, arguing that the Nation failed to confer before filing the motion.   The parties agree that they did confer <u>after the motion was filed</u> and that a number of issues have been resolved; however, the Nation asserts that a number of discovery disputes remain.   Because it is unclear from the briefing exactly which discovery requests are still in controversy and the court has imposed a stay of proceedings, the motion to compel shall be **DENIED WITHOUT PREJUDICE.**

**IT IS THEREFORE ORDERED** that the Nation's motion to compel **(Doc. 237)** is **DENIED WITHOUT PREJUDICE.**   The Nation is granted leave to refile its motion to compel, with clarification of the discovery requests still in dispute, **after the stay of proceedings is lifted.**   The Nation shall confer with defendants before refiling its motion.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of May 2005.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge